IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>CRISTINA MARIA VALLE GAMEZ (1),<br><br>　　　　　Defendant. | Criminal Case No. 21-CR-1249-BAS<br><br>**ORDER GRANTING MOTION TO CORRECT SENTENCE (ECF NO. 42)** |

On June 3, 2022, this Court sentenced Defendant to 37 months in custody. (ECF No. 41.) After a change in the U.S. Sentencing Guidelines (USSG) that was to be applied retroactively, Defendant filed this Motion to Correct Sentence Based on the Retroactive of Criminal History Category USSG Section 1B1.10. (ECF No. 42). For the reasons stated below, the Court **GRANTS** this Motion and reduces Defendant's sentence to 30 months in custody.

Defendant pled guilty to importing 21 kilograms of cocaine. (ECF No. 30.) All parties, as well as the Probation Office, calculated Defendant's guideline range to be 46-57 months based on her base offense level of 23 and a criminal history score of 0. (ECF Nos. 32-34.) At sentencing, the Court departed downward two levels because of Defendant's young age resulting in a base offense level of 21 and a guideline range of 37 to 46 months. The Court sentenced Defendant to the low end of 37 months. (ECF No. 41.)

USSG amendments were passed and became effective November 1, 2023. *See Sentencing Guidelines for the United States Courts,* 88 Fed. Reg. 60534 (September 1, 2023); Amendment 821, U.S. Sentencing Comm'n, https://www.ussc.gov/guidelines/amendment/821 (last visited Jan. 26, 2024). These retroactive amendments added an "Adjustment for Certain Zero-point Offenders" providing for a two-point decrease in offense level for defendants who "did not receive any criminal history points" when calculating the defendant's criminal history. U.S.S.G. §4C1.1(a)(1)-(10).

Since Defendant was a zero-point offender, she qualified for this retroactive guideline amendment. Applying the amendment, Defendant's base offense level would have been reduced an additional two points to a 19, and her guideline range would have been 30-37 months. Thus, the Court resentences Defendant to the low end of this newly calculated guideline range to 30 months in custody.

**IT IS SO ORDERED** for the reasons stated above, the Court **GRANTS** Defendant's Motion to Correct Sentence (ECF No. 42.) Defendant is resentenced to 30 months in custody. All conditions of supervised release, fines and special assessments remain the same.

Dated: February 16, 2024

_____
Hon. Cynthia Bashant
United States District Judge